**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 2, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ANGELIINA LYNN LAWSON,

    Plaintiff - Appellant,

v.

ANDERSON COUNTY, KANSAS; TINA
MILLER, Clerk, Anderson County District
Court, in her individual and official
capacities; KELLY JOHNSON, ADA
Coordinator/District Court Administrator,
Fourth Judicial District, in his official and
individual capacities; JOLENE L.
ZIRKLE, ADA Coordinator, Kansas
Supreme Court, in her official and
individual capacities,

    Defendants - Appellees.

No. 26-3048
(D.C. No. 5:26-CV-04006-TC-ADM)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.

_____

---

[*]After examining the brief and appellate record, this panel has determined
unanimously to honor the appellant's request for a decision without oral argument.
_See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.
But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R.
32.1(A).

Angeliina Lawson, proceeding pro se, appeals the dismissal of her case.[1] We affirm because we agree with the district court that Lawson failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## Background

In January 2026, Lawson filed this 42 U.S.C. § 1983 action against Anderson County, Kansas, Anderson County District Court, and several related officials, alleging that they violated the Americans with Disabilities Act (ADA) by withholding parts of the record and failing to docket favorable evidence in her ongoing divorce and child-custody proceedings.[2] Lawson requested declaratory relief voiding Anderson County's "custody-terminating order" of December 22, 2025; injunctive relief ordering the filing of favorable evidence; compensatory damages; and punitive damages. R. vol. 1, 10. The district court dismissed her case under 28 U.S.C. § 1915(e)(2)(B)(ii) for several independent reasons, including that she failed

---

[1] We construe Lawson's pro se brief liberally, but we do not act as her advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Lawson has filed numerous, unsuccessful, pro se lawsuits regarding her divorce and child-custody proceedings in Kansas state court, including an attempt to remove state-court custody proceedings to federal court. *See Lawson v. Lawson*, No. 25-3097, 2025 WL 3555103 (10th Cir. Dec. 11, 2025) (affirming order remanding custody proceedings to state court); *Lawson v. Godderz*, No. 25-2199, 2025 WL 3022371 (D. Kan. Oct. 29, 2025) (dismissing complaint for several reasons), *appeal docketed*, No. 25-3198 (10th Cir. Oct. 30, 2025); *Lawson v. Kan. Dep't for Child. & Fams.*, No. 25-2171, 2025 WL 3553153 (D. Kan. Dec. 11, 2025) (dismissing complaint without prejudice for continued failure to comply with court orders), *appeal docketed*, No. 25-3223 (10th Cir. Dec. 12, 2025). She also has two related actions pending in district court. *See* Complaint, *Lawson v. Godderz*, No. 25-1179 (D. Kan. Aug. 15, 2025); Complaint, *Lawson v. Bolton*, No. 25-2251 (D. Kan. May 6, 2025).

to state a claim under Rule 12(b)(6).[3] It later denied Lawson's motion to alter or amend the judgment.

Lawson appeals.

## Analysis

We begin and end with Lawson's argument that the district court erred in concluding that she failed to state a claim. "We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for . . . Rule . . . 12(b)(6)" dismissals. *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). That standard is de novo, accepting a pro se plaintiff's well-pleaded factual allegations as true. *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023). In so doing, we disregard "labels or conclusory allegations—a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Lawson's complaint asserts that defendants, acting under color of law, violated the ADA "by intentionally suppressing and concealing material exculpatory evidence, altering the record submitted on appeal, refusing to transmit the record during federal removal proceedings, and retaliating against [her] exercise of ADA rights by conditioning custody on disability-based terms." R. vol. 1, 8. The only specific facts she provides in support have to do with a parenting report that was submitted directly to the state-court judge and was not placed on the state-court

---

[3] The district court also reasoned that it was required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971), and that Lawson's claims were barred by qualified immunity. Given our disposition, we do not reach these points.

3

docket. An attachment to the complaint indicates that Lawson was denied access to this report on the basis that it wasn't a public record subject to disclosure under the Kansas Open Records Act.

Liberally construing Lawson's complaint as alleging that failure to disclose the record constituted ADA discrimination, dismissal was proper. To avoid dismissal, she had to plausibly allege that she "is a 'qualified individual with a disability'" and that the failure to disclose was because of her disability. *Est. of Beauford v. Mesa County*, 35 F.4th 1248, 1276 (10th Cir. 2022) (quoting *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)). Charitably, her complaint alleges that she has an unspecified communication disability. But it does not plausibly allege that she was denied access to the parenting report—or any other court services—because of her disability. Instead, the complaint reveals that she was denied access because the document was not available to the public under Kansas law. And it is not enough to simply assert the unsupported legal conclusion that the ADA creates an entitlement to certain nonpublic records for individuals with Lawson's alleged communication disability. Further, and contrary to Lawson's appellate argument, it is not plausible to infer that she was denied access due to her disability simply because she characterized her document request as an ADA accommodation.

Lawson's complaint does not state a claim for ADA retaliation, either. To make out a prima facie case of ADA retaliation, a plaintiff must show three things: (1) they "engaged in protected opposition to discrimination," (2) they experienced a

4

materially adverse response, and (3) "a causal connection exists between [the] protected activity and the . . . action." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018). Requesting an ADA accommodation, as Lawson did, is protected activity. *Id.* But it is not plausible to infer that a reasonable person would find being denied access to a nonpublic document to be a "materially adverse" action. Nor does the denial plausibly "justif[y] an inference of retaliatory motive" such that Lawson has properly pleaded the required causation element. *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) (quoting *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1091 (10th Cir. 2007)). The complaint and attached exhibits fail to indicate she received different service than a nondisabled person would have received. They also fail to indicate that her request for a disability accommodation played a role in motivating the denial of access. Her facts thus fail to state a plausible claim for ADA retaliation.[4]

## Conclusion

Because Lawson fails to state any claims, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[4] Lawson likewise doesn't state any claims related to due process, equal protection, access to courts, or First Amendment retaliation, despite the complaint's inclusion of these legal terms. Simply labeling her claims as such without any supporting facts or allegations "will not do." *Twombly*, 550 U.S. at 555.